UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


BENJAMIN T REED,

 *Plaintiff*,

v.              CASE NO.  SA-24-CV-00701-JKP

CITY OF FLORESVILLE,
FLORESVILLE ECONOMIC
DEVELOPMENT CORPORATION,

 *Defendants*.



## MEMORANDUM OPINION AND ORDER

   Before the Court is Defendants City of Floresville and Floresville Economic Development Corp.'s (the Floresville Defendants) Motion for Judgment on the Pleadings. *ECF Nos. 35,39*. Plaintiff Benjamin Reed responded. *ECF No. 37*. Upon consideration, the Motion is **GRANTED in part and DENIED in part**.

### Factual Background

   This suit arises from Plaintiff Benjamin Reed's employment as Executive Director of the Floresville Economic Development Corp. (FEDC). During his tenure, Reed worked under an employment contract executed by the FEDC. In August 2020, Reed was diagnosed with Wegener's Disease. The debilitating nature of this disease required that he take medical leave from August 2020 to January 2021, and intermittent leave thereafter. In June 2023, Reed's condition worsened and required that he take extended time off and seek relief under the Family Medical Leave Act. Reed alleges that almost immediately, the FEDC and the City began a

1

pattern and practice of hostility and harassment for requesting time off under the FMLA. Such

actions included:

> heightened scrutiny, investigation into past work performance; unsubstantiated allegations of past poor work performance; claims of failure to file appropriate FMLA paperwork; refusal to allow other employees to contribute/donate their sick leave/personal time to [Reed] to help him extend his recovery period; personal background checks conducted by City and FEDC on the relationship between [Reed] and his medical provider; requests to tum in City issued cell phone, IPAD, pass codes, pass keys and car (all of which were guaranteed for personal and professional use under his employment agreement) disclosure of his personal medical information in violation of HIPAA, and they would continue to call and harass him about City/FEDC matters while off on FMLA.

*ECF No. 1, p.6.*

Reed alleges he attempted to return from FMLA leave on September 14, 2023; however,

he was not allowed to return because he had overextended his leave under the FMLA. Ex. 9. In a

meeting on September 18, 2023, Reed was advised that, contrary to the previous representation,

he had not overextended his leave under the FMLA, and his paperwork was in order. Still Reed

was not allowed to return to work but was required to attend a meeting on September 21, 2023.

Reed alleges on this date he "was summoned to a public Board meeting of the FEDC where he

was summarily terminated without cause. [Reed] was given no opportunity to address any

concerns, was given no reprimand, and was given no action plan."

Following exhaustion of administrative remedies, Reed filed this action asserting causes

of action of disability discrimination in violation of the Americans with Disabilities Act (ADA),

failure to provide reasonable accommodation in violation of the ADA, violation of Section 504

of the Rehabilitation Act, violation of the Texas Commission on Human Rights Act (TCHRA),

violations of the Family Medical Leave Act (FMLA) by retaliation, failure to return him to his

job upon his return (entitlement provision) and harassment during his leave time, and a state-law

cause of action for breach of contract.[1] The Floresville Defendants filed this Motion for Judgment on the Pleadings on the causes of action for disability discrimination under Title VII and Section 504 of the Rehabilitation Act asserted against both Defendants; the causes of action for violations of the ADA and FMLA and causes of action of retaliation under the FMLA and breach of contract asserted against the City of Floresville, and; the causes of action of disability discrimination under the FMLA asserted against the FEDC. By separate opinion, the Court addresses the Floresville Defendants's Motion for Summary Judgment.

**Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is subject to the same legal standard as a motion to dismiss filed under Federal Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

To warrant dismissal under Federal Rules 12(b)(6) and (c), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6), 12(c); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the

---

[1] In the opening paragraph of the Amended Complaint, Reed lists causes of action he intends to assert, which include a cause of action for disability discrimination in violation of Title VII. The Floresville Defendants seek dismissal of this cause of action. Reed abandons the cause of action for disability discrimination in violation of Title VII in his response to this Motion for Judgment on the Pleadings. *ECF No. 36*. Thus, the Court dismisses this cause of action.

complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996).

To survive a motion to dismiss, a plaintiff does not need to provide detailed factual allegations but must provide grounds of his entitlement to relief. This pleading requirement necessitates "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, the court's task is to identify the elements of a cause of action and then determine whether the plaintiff pled sufficient factual allegations in support of the asserted elements to state a plausible claim, and thereby, survive a motion to dismiss. *Cicalese v. Univ. of Tex. Med Branch*, 924 F.3d 762, 766–67 (5th Cir. 2019).

The court's review is limited to the complaint and any documents attached to the motion to dismiss, which are also referred to in the complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d at 324).

**Discussion**

**1.  Violation of Section 504 of the Rehabilitation Act**

The Floresville Defendants assert this cause of action should be dismissed as a matter of law because neither entity (the City or the FEDC) receives federal funds for any purpose, nor does Reed allege the Floresville Defendants discriminated against him or denied him benefits under any program or activity receiving federal funding. For this reason, the Floresville Defendants contend Reed does not allege and cannot sustain this cause of action as a matter of law. As support for this argument, the Floresville Defendants contend the only federally funded

4

program Reed mentions in support of this cause of action is the Payroll Protection Program (PPP), and this Court may take judicial notice as a matter of public record of the fact that neither the City of Floresville, nor the FEDC, participated in the PPP.

The Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) prohibit discrimination against qualified individuals with disabilities, but the statutes govern different entities: the ADA applies to public entities and private employers, whereas the RA prohibits discrimination in federal agencies and federally-funded programs and activities. 42 U.S.C. § 12131(1); 29 U.S.C. § 794(a). "The RA and the ADA are judged under the same legal standards, and the same remedies are available under both Acts. Likewise, the relevant definition of disability set forth in the ADA is applicable to claims made under the RA." *Kemp v. Holder*, 610 F.3d 231, 234–35 (5th Cir. 2010). Reed asserts causes of action under both statutes, presumably because both the City and the FEDC are public entities.

Under Section 504 of the Rehabilitation Act of 1973, no qualified disabled individual may be denied benefits or discriminated against solely on the basis of a disability under any program or activity receiving federal funding. 29 U.S.C. § 794. To state a cause of action under Section 504, a plaintiff must allege the specific program or activity with which he was involved receives or directly benefits from federal financing assistance. *Lightbourn v. County of El Paso, Tex.,* 118 F.3d 421, 427 (5th Cir. 1997), *cert. denied,* 522 U.S. 1052 (1998).

Reed's First Amended Original Petition does not specify any federal financing assistance received by either of the Floresville Defendants. Reed states in a conclusory fashion, "[U]pon information and belief, [the Floresville Defendants] entered into Federal contracts and/or receives federal funds or assistance," and "[i]t is asserted that [the Floresville Defendants] received Federal funds or supplements or loans through its own interactions and/or through

government contracts as a supplier, contractor and/or subcontractor, including the Paycheck Protection Program." *ECF No. 13, pp. 9-10*.

The Court finds these assertions to be conclusory and speculative. Although Reed need not provide detailed factual allegations, he must provide more than speculative or conclusory grounds of his entitlement to relief. *See Twombly*, 550 U.S. at 555. Without any certainty of either of the Floresville Defendants' receipt of specific federal funds and without any tangential relationship to Reed's employment with the FEDC, Reed fails to state a plausible cause of action upon which relief may granted under Section 504 of the Rehabilitation Act of 1973. *See Lightbourn,* 118 F.3d at 427; *Block v. Texas Bd. of L. Examiners*, 952 F.3d 613, 619 (5th Cir. 2020).

Accordingly, Reed's cause of action asserting violation of §504 of the Rehabilitation Act against the Floresville Defendants will be dismissed.

### 2. Causes of Action Against The City of Floresville

The City of Floresville contends it is entitled to Judgment on the Pleadings for the causes of action of breach of contract, ADA Retaliation[2], and violation of the ADA and the FMLA because Reed's pleadings and exhibits clearly show the City did not employ him.

### a. Breach of Contract

To state a cause of action for breach of contract, a plaintiff must allege sufficient facts to demonstrate: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014); *Runge v. Raytheon E–Systems, Inc.,* 57 S.W.3d 562, 565 (Tex.App.—Waco [10th Dist.] 2001).

---

[2] The City seeks dismissal of the cause of action of "ADA retaliation." Reed does not assert a cause of action for violation of the ADA by retaliation. Therefore, the Court will not address this argument as it applies to a cause of action for "ADA retaliation."

Reed attaches to the Amended Complaint his employment contract, the parties to which are Reed and the FEDC, represented by its Board of Directors. The City of Floresville is not a signatory party. Reed does not assert any facts and does not provide any documentation to show he entered any contract with the City of Floresville.

Consequently, the facts as alleged cannot support a breach of contract cause of action against the City of Floresville. This cause of action will be dismissed.

### b.  Violations of the ADA and the FMLA

Reed bases his causes of action against the City of Floresville for violation of the ADA, TCHRA, and FMLA upon the premise that the City of Floresville acted as Reed's joint employer with the FEDC. The City of Floresville seeks dismissal of the causes of action for discrimination in violation of the ADA and the FMLA.

To plead a cause of action for liability under the ADA and FMLA, a plaintiff must allege sufficient facts to support the requirement that the defendant qualifies as an "employer" under the statutes and an employment relationship existed between the plaintiff and that defendant. *Ochoa v. Bradfute Enterprises, LLC*, No. EP-24-CV-228, 2025 WL 841752, at *9 (W.D. Tex. Mar. 11, 2025); *Patterson v. Yazoo City*, 847 F.Supp.2d 924, 932 (S.D. Miss. 2012) (ADA), *aff'd*, 519 F. App'x 838 (5th Cir. 2013); *Lloyd v. Birkman*, 127 F.Supp.3d 725, 749 (W.D. Tex. 2015) (TCHRA). When assessing the sufficiency of the pleading, the Court does not assess whether a plaintiff proves or establishes an employment relationship exists between a plaintiff-employee and an alleged defendant-employer using the established tests. *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 763–64 (5th Cir. 1997)(discussing the hybrid economic realities/common law control test and the single employer test (also known as the *Trevino* test)). Instead, in the context of a Federal Rule 12(c) motion, the Court assesses whether the plaintiff

7

plead sufficient facts to place a named defendant on notice of the specific cause(s) of action asserted against it and to prepare a defense. *See Twombly*, 550 U.S. at 555.

In the Amended Complaint, Reed admits his primary employer was the FEDC, and in the Motion to Dismiss, the FEDC admits it was Reed's main employer. However, the primary question is whether Reed plead sufficient facts and basis to support a cause of action against the City of Floresville as a joint employer of Reed, given its relationship with the FEDC, such that the alleged discriminatory conduct can be imputed to the City of Floresville.

Accepting the facts alleged in the Amended Complaint in the light most favorable to Reed, Reed asserts he was hired by the City of Floresville as Executor Director for the FEDC by the sitting Floresville City Manager, Henrietta Turner. *ECF No. 13, pp. 3-4*. Upon hire, Reed was provided a City of Floresville Employment Handbook delineating City Employment Policies and Procedures. *Id*. While Reed reported to the FEDC Board of Directors, he worked daily alongside City of Floresville employees. *Id*. The City of Floresville paid his salary, health care benefits, disability benefits, retirement benefits, dental insurance, vision insurance, leave benefits, vacation time, paid sick leave and other benefits. *Id*. The City of Floresville provided his cell phone, Ipad, City vehicle, and gas card. *Id*. Reed sought medical leave through the City of Floresville to accommodate his disability. *Id. at p. 5*. Reed submitted employment grievances to the City of Floresville City Manager, Andy Joslin, with the City of Floresville Human Resources Director, Margaret Tejada, and with the FEDC attorney, Sylvia Rodriguez. *Id. at pp. 5-6, exhs. 4, 5, 6*. The City of Floresville's Attorney, Daniel Santee, responded to Reed's grievances, and Reed received a letter from the City of Floresville's Attorney, Daniel Santee, instructing Reed to return equipment to the City Manager's Office. *Id. at pp. 5-6, exhs. 7, 8*. City of Floresville

employees were allowed to donate sick time to Reed to accommodate his disability and recovery. *Id. at p. 5*.

The Court finds these factual allegations are sufficient to place the City of Floresville on notice of these causes of action against it as a joint employer of Reed and to prepare a defense based upon this asserted relationship. These allegations are sufficient to demonstrate a set of facts in support of a cognizable legal theory and causes of action which would entitle Reed to relief against the City of Floresville. *See Clark*, 794 F.2d at 970; *Frith*, 9 F.Supp.2d at 737–38.

Consequently, the City of Floresville's Motion to Dismiss the causes of action of violation of the ADA and FMLA under Federal Rule 12(c) will be denied.

### 3. Cause of Action of Violation of the FMLA Against the FEDC

The FEDC contends it is entitled to dismissal of the cause of action of disability discrimination under the FMLA because Reed does not allege he was treated differently than a non-disabled but similarly situated employee, but instead states he was terminated following leave and a different Board of Directors treated him differently in prior years when he was not using FMLA but had an extended absence from work. The FEDC also contends Reed's FMLA cause of action fails because he failed to plead that he provided the required 30 days' notice prior to FMLA leave, or he provided it as soon as practicable.

To plead a cause of action for violation of the FMLA, a plaintiff must assert facts to support the elements: (1) he was protected under the FMLA; (2) he suffered an adverse employment decision; and (3) either, (a) he was treated less favorably than employee who had not requested leave under the FMLA, or (b) the adverse employment decision was made because he took FMLA leave. *Murillo v. City of Granbury*, No. 22-11163, 2023 WL 65393191 at *3 (5th Cir. 2023); *Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 768 (5th Cir. 2001).

Accepting the facts alleged in the Amended Complaint and in the attached exhibits in the light most favorable to Reed, he asserts he qualified for and was given leave under the FMLA by the Floresville Defendants. *ECF No. 13, pp. 5-6, exh.10*. Reed alleges immediately following his FMLA approval, the FEDC and City Employees harassed him for requesting time off under FMLA by investigation into his past work performance, unsubstantiated allegations of past poor work performance, claims of failure to file appropriate FMLA paperwork, and refusal to allow other employees to donate sick leave to Reed as they had done in the past, and requiring that he return his work cell phone, IPad, and car. *Id., exh. 3, p. 3 & 6; exh. 8*. Reed alleges that upon his release to return to work, he was terminated within 7 days. *ECF No. 13, pp. 5-6, exh. 9*. Reed alleges he was treated differently than someone that had not requested leave under the FMLA. Specifically, another City employee, Dino Cantu, had gone out on sick leave, received paid sick leave from others and was allowed to come back to work while Reed was terminated upon his return. *Id. at exh. 10*. Further, Reed alleges the Floresville Defendants approved his request for FMLA leave without hesitation to any failure to provide sufficient notice and advised him that his "FMLA paperwork was good." *Id. at p. 5-6, exh. 10*.

The Court finds these factual allegations are sufficient to place the FEDC on notice of the basis of this cause of action against it and to prepare a defense. These allegations support each element of a cause of action under the FMLA, including both of the alternative assertions under the third element. *See Murillo*, 2023 WL 65393191 at *3. Therefore, these allegations are sufficient to demonstrate a set of facts in support of a cognizable legal theory and causes of action which would entitle Reed to relief against the FEDC. *See Clark*, 794 F.2d at 970; *Frith*, 9 F.Supp.2d at 737–38.

Consequently, the FEDC's Motion to Dismiss the cause of action of violation of the FMLA against it under Federal Rule 12(c) will be denied.

**Conclusion**

For the reasons stated, the causes of action of violation of §504 of the Rehabilitation Act asserted against the Floresville Defendants and the breach of contract cause of action asserted against the City of Floresville will be dismissed. The Floresville Defendants' Motion to Dismiss all other asserted causes of action is denied.

In addition, the cause of action of retaliation and violation of the TCHRA remains, as this cause of action was not addressed in either this Motion for Judgment on the Pleadings or the concurrent Motion for Summary Judgment.

It is so ORDERED.
SIGNED this 16th day of March, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

11