# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

BENJAMIN T REED,

*Plaintiff*,

v.                                            Case No.  **SA-24-CV-00701-JKP**

CITY OF FLORESVILLE, FLORES-
VILLE ECONOMIC DEVELOPMENT
CORPORATION,

*Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants City of Floresville and Floresville Economic Develop-ment Corp.'s (the Floresville Defendants) Motion for Summary Judgment. *ECF Nos. 35,39*. Plaintiff Benjamin Reed responded. *ECF No. 37*. Upon consideration, the Motion is **GRANTED in part and DENIED in part**.

## Factual Background

This suit arises from Plaintiff Benjamin Reed's employment as Executive Director of the Floresville Economic Development Corp. (FEDC). During his tenure, Reed worked under an employment contract executed by the FEDC. *ECF No. 1, exh.2*. In August 2020, Reed was diag-nosed with Wegener's Disease. The debilitating nature of this disease required that he take leave from August 2020 to January 2021, and intermittent leave thereafter. In June 2023, Reed's con-dition worsened and required that he take leave under the Family Medical Leave Act (FMLA). Reed alleges that almost immediately, the FEDC and the City began a pattern and practice of hostility and harassment for requesting time off under the FMLA. Such actions included:

heightened scrutiny, investigation into past work performance; unsubstantiated allegations of past poor work performance; claims of failure to file appropriate FMLA paperwork; refusal to allow other employees to contribute/donate their sick leave/personal time to [Reed] to help him extend his recovery period; personal background checks conducted by City and FEDC on the relationship between [Reed] and his medical provider; requests to turn in City issued cell phone, IPAD, pass codes, pass keys and car (all of which were guaranteed for personal and professional use under his employment agreement) disclosure of his personal medical information in violation of HIPAA, and they would continue to call and harass him about City/FEDC matters while off on FMLA.

*ECF No. 1, p.6.*

Reed alleges he attempted to return from FMLA leave on September 14, 2023; however, he was not allowed to return because he had overextended his leave under the FMLA. In a meeting on September 18, 2023, Reed was advised that, contrary to the previous representation, he had not overextended his leave under the FMLA, and his paperwork was in order. Still Reed was not allowed to return to work but was required to attend a meeting on September 21, 2023. Reed alleges on this date he "was summoned to a public Board meeting of the FEDC where he was summarily terminated without cause. [Reed] was given no opportunity to address any concerns, was given no reprimand, and was given no action plan."

Following exhaustion of administrative remedies, Reed filed this action asserting causes of action of disability discrimination in violation of the Americans with Disabilities Act (ADA), failure to provide reasonable accommodation in violation of the ADA, violation of Section 504 of the Rehabilitation Act, discrimination and retaliation in violation of the Texas Commission Human Rights Act (TCHRA), violation of the Family Medical Leave Act (FMLA) by retaliation, failure to place him in his job upon his return (entitlement provision), and harassment during his leave time, and state-law breach of contract. The Floresville Defendants filed a Motion for Judgment on the Pleadings on some of these causes of action. The Court addressed this Motion

2

for Judgment on the Pleadings by separate opinion. In this opinion, the Court addresses Defendants' Motion for Summary Judgment.

## Legal Standard

### 1. Summary Judgment Shifting Burden of Proof

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586-87 (1986); *see also* Fed. R. Civ. P. 56(c).

In its analysis of the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to support or defeat a mo-

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

tion for summary judgment. *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *Ragas*, 136 F.3d at 458.

**2. Summary Judgement Burdens Within the Context of an Employment Discrimination Suit: *The McDonnell Douglas Framework***

Intentional discrimination in the employment setting can be established through either direct or circumstantial evidence. *Wallace v. Methodist Hosp. Sys.,* 271 F.3d 212, 219 (5th Cir. 2001). When an employee presents direct evidence of discrimination, the traditional summary judgment burdens apply. Here, Reed does not seek to present direct evidence of discrimination. The typical summary judgment burdens are modified in an employment discrimination suit which the non-movant presents only circumstantial evidence of unlawful discrimination or retaliation. In such case, when the non-movant's case is based upon circumstantial evidence, and the Court is presented with a motion for summary judgment, the burden-shifting framework set forth in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973) guides the parties' burdens of proof. *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

Under the *McDonnell Douglas* framework, the burden of production falls first upon the plaintiff to present evidence sufficient to establish a fact or raise a presumption of the alleged discrimination. *Alvarado*, 492 F.3d at 611; *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). This burden is typically referred to as the presentation of *prima facie* evidence. *Alvarado*, 492 F.3d at 611. This burden is not onerous, and the plaintiff satisfies this burden by producing enough evidence to support an inference of discriminatory motive. *Ames v. Ohio Dep't of Youth Services*, 605 U.S. 303, 308, (2025). *McDonnell Douglas*, 411 U.S. at 802.

If the plaintiff presents this *prima facie* evidence, the plaintiff creates a presumption of intentional discrimination. *Id*. The burden of production, then, shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Alvarado*, 492 F.3d at 611; *see also Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254–56 (1981). Because only the burden of production shifts at this stage, to satisfy this burden, the employer "must clearly set forth, through the introduction of admissible evidence, the reasons for [the adverse employment action]." *Reeves,* 530 U.S. at 142; *Alvarado*, 492 F.3d at 611; *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 236 (5th Cir. 2016). The evidence is not evaluated for or analyzed for its credibility. *Id*.

If the employer sustains its burden of production, the presumption of intentional discrimination dissipates. *Reeves,* 530 U.S. at 142; *Alvarado*, 492 F.3d at 611; *McCoy*, 492 F.3d at 556. At this final stage, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine,* 450 U.S., at 253. Within the context of a Motion for Summary Judgment, to satisfy this burden of persuasion, the plaintiff must present evidence which raises a genuine dispute of material fact whether: (1) the employer's proffered reason is not true but is instead a pretext for discrimination; or (2) the employer's reason, while true, is not the only reason for its conduct, and another "motivating factor" is the plaintiff's protected characteristic. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.,*482 F.3d 408, 411-12 (5th Cir. 2007); *Williams v. Time Warner*, 98 F.3d 179, 181 (5th Cir. 1996).

Although the *prima facie* case and the inferences drawn therefrom may still be considered at the pretext stage, this evidence must be combined with sufficient evidence to permit the trier of fact to conclude the employer intentionally discriminated against the plaintiff. *Reeves,*

530 U.S. at 142. To this effect, even if the ultimate factfinder could find the employer's reason unpersuasive or contrived, there must still be sufficient evidence for the factfinder to believe the employee's explanation for the adverse action, that is, the employer intentionally discriminated. *Id.* at 146-148. Unsubstantiated assertions and conclusory allegations of discrimination are not competent summary judgment evidence, and therefore, are insufficient to support a party's burden at any stage. Fed. R. Civ. P. 56(c),(e); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002); *Ragas*, 136 F.3d at 458.

**Discussion**

1. **Breach of Contract[2]**

The FEDC states the chronological facts leading up to Reed's termination, with citations to support in the record. The FEDC, then, contends it is entitled to summary judgment on the breach of contract cause of action because "the evidence shows [Reed's] employment was terminated for cause. FEDC Special Meeting Minutes of September 21, 2023 and attachments reflect termination was decided for cause which included misuse of FEDC funds, suspected unethical and unprofessional conduct." *ECF No. 35, pp. 11-12*.

The Court finds this cursory argument fails to satisfy the FEDC's initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law. *See Celotex Corp.,* 477 U.S. at 323; *Adams*, 465 F.3d at 163. The facts stated by the FEDC do not provide basis for summary judgment in its favor on this cause of action, nor does the FEDC demonstrate how these facts support a finding on this cause of action

---

[2] Both the City of Floresville and the FEDC seek summary judgment on the breach of contract cause of action. The Court dismissed this cause of action against the City of Floresville upon its Motion for Judgment on the Pleadings. Therefore, the Court will only address the FEDC's Motion for Summary Judgment on the breach of contract cause of action.

as a matter of law. For this reason, the Court concludes the FEDC failed to demonstrate the absence of a triable dispute of material fact on the breach of contract cause of action.

The FEDC's Motion for Summary Judgment on the breach of contract cause of action asserted against it will be denied.

### 2. Disability Discrimination in Violation of the ADA

Reed asserts the Floresville Defendants violated the ADA by intentionally discriminating against him based on his disability. Reed also asserts the Floresville Defendants violated the ADA by failing to provide him with reasonable accommodation and failing to engage in the required interactive process for accommodation.

### a. Intentional Discrimination

The Floresville Defendants contend they are entitled to summary judgment on Reed's cause of action of intentional discrimination based upon a disability because he cannot satisfy his initial, prima facie burden as a matter of law by showing he was capable of performing the essential functions of his position. This argument pertains to Reed's ability to present evidence of the second element of this cause of action necessary to establish his prima facie burden. In addition, the Floresville Defendants contend they have a legitimate, non-discriminatory reason for terminating Reed: poor job performance, improper spending, and complaints of unethical and unprofessional conduct. This argument pertains to the Floresville Defendants' burden shifted to it should Reed satisfy his prima facie burden and will be discussed only should the Court make this affirmative finding.

### i. Reed's Prima Facie Burden

To satisfy the prima facie burden for violation of the ADA, a plaintiff must present evidence on each element of the cause of action to raise a reasonable inference of discrimination.

*See*

*Burdine*, 450 U.S. 248, 253; *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510 (1993). These elements are: (1) he has a disability[3]; (2) he is qualified for the job at issue, and (3) defendants subjected him to an adverse employment decision based upon the disability. *Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 483 (5th Cir. 2023), as revised (Aug. 4, 2023)(citing *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 582 (5th Cir. 2020)). For the second prong, "[t]he term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C.A. § 12111; *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017); *Mueck,* 75 F.4th at 483. A plaintiff can establish he is "qualified" by showing either: (1) he could perform the essential functions of the job in spite of his disability, or (2) a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job. *Clark*, 952 F.3d at 582.

To satisfy his burden on the second prong, Reed presents evidence he was hired as the Executive Director for the FEDC in June 2019 and was terminated on September 21, 2023. *ECF No. 37, Ex. 2,34*. During this tenure, Reed received approximately six employment contract amendments, which either extended his employment contract or increased his pay. *ECF No. 37-29, Ex. 30, p. 77:16 – 98:16*. Reed submits the City Employment Handbook which states pay increases were discretionary, merit based, and required to be approved by the City Council upon recommendation by the City Manager. *ECF No. 37-1, Ex. 1, p. 25; ECF No. 37-29, Ex. 30, p. 99:6 – 100:20*. Reed received two Performance Appraisals: the first on November 22, 2022, approximately seven months before Reed applied for FMLA and 10 months before he was termi-

---

[3] The Floresville Defendants concede that Reed was disabled. Therefore, Reed need not present proof of, and this Court will not discuss, this element. The Floresville Defendants' primary argument pertains to Reed's ability to present evidence of the second element.

nated. *ECF No. 37-25, p. 57:9-16; ECF No. 37-33*. Reed's score on the first Performance Appraisal was 3.46/5.00, which demonstrated he was "fully capable" and "significantly exceeds expectations.". *ECF No. 37-26, pp. 58:16-20, 59:2-13; ECF No. 37-33*. After this Performance Appraisal, the FEDC Board voted unanimously to approve a pay raise to $90,000.00/year and a Christmas Bonus. *ECF No. 37-26, pp. 59:14 – 62:5*. Reed's employment contract was also extended at this time until September 20, 2026. *ECF No. 37-26, pp. 62:20 – 63:6*. The second appraisal in April 2023 resulted in a higher score of 3.9/5.0. *ECF No. 37-34*.

Based upon this evidence, the Court concludes Reed presented sufficient evidence to raise a reasonable inference he was qualified for his job at the time of his termination. For this reason, the Court need not determine at this stage whether Reed presented sufficient evidence that a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job. *See Clark*, 952 F.3d at 582; *Mueck*, 75 F.4th at 483. Thus, limited to the Floresville Defendants's specific argument pertinent to Reed's ability to satisfy his prima facie burden of proof, the Court finds Reed dispelled this argument and satisfies his prima facie burden.

### ii.    The Floresville Defendants' Burden: Legitimate, Nondiscriminatory Reason for Termination

The burden of production, then, shifts to the Floresville Defendants to produce admissible evidence to support its articulation of a legitimate, nondiscriminatory reason for Reed's termination. *See Burdine,* 450 U.S. at 254–56; *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 236 (5th Cir. 2016).

In their Motion for Summary Judgment, the Floresville Defendants articulate Reed's termination was the result of "poor job performance, improper spending, and complaints of unethical and unprofessional conduct," and "termination was decided for cause which included misuse

of FEDC funds, suspected unethical and unprofessional conduct." *ECF No. 35, pp. 14, 15*. Evidence of poor work performance satisfies the employer's burden at this stage. *Feist*, 730 F.3d at 455 (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684–85 (5th Cir. 2001)).

To support this burden of production, the Floresville Defendants provide the Minutes of a Special Meeting held by the FEDC on September 21, 2023, at 6:00p.m. *ECF No. 35-1, pp. 109-113*. Attachments to these Minutes include documents titled: "Credit Card Expense Observations"; "Internal Audit Observations-06-12-2023 incomplete"; "FEDC Observations Follow Up"; and "Summary of events-B.Reed." *ECF No. 35-1, pp. 100-108*. Reed objects to the Minutes and all of the attached exhibits that the Floresville Defendants present to support the articulated non-discriminatory reason for Reed's termination as inadmissible. *ECF No. 37, p. 1*. Reed argues each of these documents attached to the Minutes are not admissible because each are unauthenticated; none have any sponsoring author or signature; none provide any contextual purpose; none are dated to indicate when they were drafted; none are referenced in the Minutes; all contain unsubstantiated speculation and hearsay. *See id*.

Upon Reed's objection to the Court's consideration of this evidence, the Court must consider its reliability and admissibility at this summary judgment stage. Because only the burden of production shifts at this stage, the Floresville Defendants' evidence will not be evaluated or analyzed for its credibility; however, the Floresville Defendants must present some admissible evidence to support the reasons given. *See Heinsohn*, 832 F.3d at 236; *see also Reeves,* 530 U.S. at 142; *Alvarado*, 492 F.3d at 611.

The Fifth Circuit recently clarified the standard for a court's consideration of evidence at the summary judgment stage that is otherwise "inadmissible." *See Patel v. Texas Tech Univ.*, 941 F.3d 743, 746 (5th Cir. 2019). "Although the substance or content of the evidence submitted

10

to support or dispute a fact on summary judgment must be admissible..., the material may be presented in a form that would not, in itself, be admissible at trial.'" *Id.* (quoting *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017)); *see also* Fed. R. Civ. P. 56(c). "Notwithstanding, when a party does object to summary judgment evidence '[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.'" *Jones v. Anderson Rd. Oxford, LLC*, No. 3:19-CV-258, 2021 WL 24552, at *3 (N.D. Miss. Jan. 4, 2021); *Sharkey v. Humphreys Cty., Mississippi*, No. 4:18-CV-17, 2020 WL 96902, at *2 (N.D. Miss. 2020). "Thus, although evidence need not be authenticated at the summary judgment stage, if one party objects to summary judgment evidence in a timely fashion, it puts the other party on notice that they must show the admissible form or explain the anticipated form." *Jones*, 2021 WL 24552, at *3.

Following this guidance, Reed did object to the Floresville Defendants' evidence presented to support their articulated legitimate, non-discriminatory reason for Reed's termination. Upon this objection, the burden rests upon the Floresville Defendants to show their presented evidence is admissible or explain the admissible form that could be otherwise presented at trial. *See id.* The Floresville Defendants do not make this showing, nor do they explain how the objections could be cured. The Court finds every objection to these exhibits to be meritorious, and every one of the documents attached to the Minutes are not admissible evidence. *See ECF No. 35-1, pp. 100-113.* In addition, the Minutes, themselves, do not mention or support the legitimate, non-discriminatory reason articulated for Reed's termination, but only reflect that the FEDC Board discussed and voted on Reed's termination. Thus, the Floresville Defendants need more than the Minutes, themselves, to support the reason given for their termination of Reed's employment.

11

Because none of the attachments to the Minutes submitted in support of the Floresville Defendants' articulation of a legitimate, nondiscriminatory reason for Reed's termination are admissible evidence, and the Floresville Defendants fail to explain how they might cure this inadmissibility, the Floresville Defendants fail to satisfy their summary judgment burden of production.

Under the *McDonnell Douglas* shifting burden of proof, the Court's analysis of the Floresville Defendants' Motion for Summary Judgment on Reed's cause of action for intentional discrimination in violation of the ADA would normally end at this stage. However, in the interest of caution, the Court will proceed to the final step.

### iii.    Determination of Pretext for Discrimination

Although the Floresville Defendants did not satisfy their burden under *McDonnell Douglas*, assuming it did so, the burden of persuasion would shift back to Reed to show the reason given for his termination was pretext for disability discrimination. *See Burdine,* 450 U.S., at 253. Within the context of a motion for summary judgment, the plaintiff must present evidence which raises a triable issue of fact by "rebutting each of the nondiscriminatory reasons the employer articulates." *Mueck*, 75 F.4th at 483–84 (quoting *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001)). A plaintiff may demonstrate pretext by presenting evidence of disparate treatment or by showing the employer's proffered explanation is false or unworthy of credence. *Mueck*, 75 F.4th at 484; *Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 527 (5th Cir. 2022).

Reed argues the temporal proximity between his termination and his request for reasonable accommodations, the Floresville Defendants' deviations from the established employment practices and policies, and the differential treatment of another, nondisabled employee undermine the credibility of the Floresville Defendants' proffered reason for his firing.

12

To demonstrate the Floresville Defendants' reason is not worthy of credence, Reed presents evidence showing that during his tenure as Executive Director, his employment contract was amended approximately 6 times to either extend his contract, increase his rate of pay or both. *ECF No. 37-16*. Pay raises are discretionary, must be approved by the City Manager and affirmed by City Council, and are only given based upon merit. *ECF No. 37-29, pp. 99:6-100:20*. Additionally, the Floresville Defendants' Employee Handbook requires that when an incident is reported, an investigation is conducted and a detailed written report provided to the City Manager. *ECF No. 37-29, pp. 142:23-143:6*. A conference must then be held with the City Manager, Supervisor, employee, and Human Resources Director, wherein the employee is notified of the complaint and any corrective action to be taken. *Id. at pp. 143: 7-13*. A copy of the report is then placed in the employee's file. *Id. at pp. 143:14-17*. All City of Floresville employee files are created and maintained by the H.R. Director. *Id. at pp. 74:16-75:22*. The employee personnel file would contain employee write-ups, disciplinary measures taken, grievances, and investigations. *Id. at pp.* 75:23- 76:10. Reed presents evidence he never had any disciplinary actions taken against him during his tenure, never reprimanded, never suspended, never placed on administrative leave; never placed on a disciplinary plan; no reductions in pay. *ECF No. 37-23, pp. 63:5-65:21*; *ECF No. 37-24, pp. 90:9-94:4*; *ECF No. 37-25, p. 82:13-84:6*.

By showing the Floresville Defendants did not follow established policy to address the situation, Reed presents a triable issue of fact whether the Floresville Defendants fired him based upon discrimination of his disability or whether the Floresville Defendants fired him for the reasons given.

In addition, Reed presents evidence that another employee who has no disability and was accused of the same alleged policy violations as Reed was not terminated. *ECF No. 37-24, pp.*

*96:6-12*. Reed presents evidence this employee now serves as the Interim Executive Director for the FEDC. *ECF No. 37-24, pp. 96:13-22*. The Floresville Defendants present argument and evidence as to why this employee is not similarly situated and why she could have been treated differently. However, this argument and evidence only demonstrate a triable issue of fact exists whether the Floresville Defendants treated Reed differently than another non-disabled, similarly-situated person.

By presenting this evidence, Reed presents a fact question whether the Floresville Defendants' reason for his termination is pretextual. Because the Floresville Defendants do not possess admissible evidence to support its articulated non-discriminatory reason for Reed's termination and because a triable issue of fact exists whether the non-discriminatory reason given is pretext, the Court will deny the Floresville Defendants' Motion for Summary Judgment on Reed's cause of action of intentional discrimination based upon a disability in violation of the ADA.

### b. Reasonable Accommodation

The Floresville Defendants do not specifically contend they are entitled to summary judgment on Reed's cause of action for failure to provide reasonable accommodation; however, because the parties include this argument within their presentation of intentional discrimination, and both parties indicate the Floresville Defendants do seek summary judgment, the Court will discuss this request.

Discrimination in violation of the ADA includes failure to make reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability, unless the accommodation would impose an undue hardship. *EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 614 (5th Cir. 2009) (quoting 42 U.S.C. § 12112(b)(5)(A)); *Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013). To create a prima facie presumption of failure to

accommodate under the ADA, Reed must produce evidence which raises a reasonable inference that: (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the Floresville Defendants; and (3) the Floresville Defendants failed to make reasonable accommodations for Reed's known limitations. *See Feist*, 730 F.3d at 452. The ADA requires employers to accommodate the limitations arising from a disability, and not the disability itself. *Seaman v. CSPH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999).

The Floresville Defendants concede Reed had a disability, and based upon the previously discussed arguments and evidence, the Floresville Defendants admittedly had knowledge of Reed's disability. The Floresville Defendants contend "[Reed] alleges that his condition was not accommodated, but does not show ***he asked for*** accommodation or that it was denied. [The Amended Complaint] shows that ***the City asked*** if he needed any accommodation but there is no pleading or evidence that he in fact engaged in the interactive process which if fatal to his claim." *ECF No. 35, p. 14.*

"An employee who needs an accommodation because of a disability has the responsibility of informing her employer." *Chevron*, 570 F.3d at 621(citing *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996)); *Mueck*, 75 F.4th at 485. A plaintiff must show he requested the accommodation based upon an identified disability but was refused. *Clark*, 952 F.3d at 587. "[W]here the disability, resulting limitations, and necessary reasonable accommodations are not open, obvious, and apparent to the employer, the initial burden rests primarily upon the employee . . . to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *Chevron,* 570 F.3d at 621. A request for accommodation must "explain that the adjustment in working conditions or duties she is seeking is for a medical condition-related reason, but the employee does not have to mention the ADA or use the phrase

'reasonable accommodation.'" *Id.; Cato v. First Fed. Cmty. Bank,* 668 F. Supp. 2d 933, 946 (E.D. Tex. 2009). The ADA defines "reasonable accommodation" to include allowing part-time or modified work schedules. 42 U.S.C. § 12111(9).

Once an employee makes a request for a reasonable accommodation, the employer must engage in a meaningful dialogue with the employee to find the best means of accommodating the limitations arising from the disability. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011). This requirement mandates that both the employer and employee engage in flexible, interactive discussions to determine the appropriate accommodation. *Thompson v. Microsoft Corp.*, 2 F.4th 460, 468–69 (5th Cir. 2021) (quoting *EEOC v. Agro Distrib.*, 555 F.3d 462, 471 (5th Cir. 2009)). A failure to meet this threshold request for accommodation, "will doom a claim," especially when the "employee's disability is not obvious." *Mueck*, 75 F.4th at 485.

The Court finds the admissions of the parties and the previously discussed evidence satisfy Reed's initial burden to create a prima facie presumption of failure to accommodate under the ADA. These admissions and evidence raise a reasonable inference that: (1) Reed is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the Floresville Defendants; and (3) the Floresville Defendants failed to make reasonable accommodations for Reed's known limitations. *See Feist*, 730 F.3d at 452. This evidence and admissions also demonstrate Reed's disability, resulting limitations, and necessary reasonable accommodations were open, obvious, and apparent to the Floresville Defendants. *Chevron,* 570 F.3d at 621. For this reason, the Floresville Defendants must demonstrate Reed was required by law to request reasonable accommodation and did not.

The Floresville Defendants present a letter from their legal counsel dated August 30, 2023, and sent to Reed during his FMLA leave. The Floresville Defendants contend this letter

demonstrates they asked Reed if he needed any reasonable accommodation when or if he returned to work.

This letter does not support summary judgment on this cause of action. The letter does not show the Floresville Defendants asked Reed if he required reasonable accommodation as the Floresville Defendants contend, but instead, simply contains a generic, cursory statement: "Further, we understand because your FMLA leave is expiring, you will be returning to work soon. To that extent, please provide us and the City's HR department with information related to the timing of your return and information on any accommodation you may need for the City to evaluate." *ECF No. 13, exh. 8*. Even if this letter does support the Floresville Defendants' argument that the Floresville Defendants asked Reed if he require reasonable accommodation, the letter does not show Reed failed to request reasonable accommodation and failed to engage in meaningful discussion of reasonable accommodation, nor does it otherwise doom Reed's cause of action.

Consequently, to the extent the parties expect that the Floresville Defendants seek summary judgment on this cause of action, it is denied.

### 3. Violation of the FMLA

The FMLA prohibits employers from interfering with, restraining, or denying the exercise or the attempt to exercise the right to FMLA leave. 29 U.S.C. § 2615(a)(1); *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). The FMLA also prohibits employers from discharging, retaliating, or discriminating against an employee for exercising their rights under the FMLA. § 2615(a)(2)); *Mauder v. Metro. Transit Auth. of Harris Cty., Tex*., 446 F.3d 574, 580 (5th Cir. 2006). Similar to other employment discrimination causes of action, when an employer seeks summary judgment on a cause of action under the FMLA, the parties must fol-

17

low the McDonnell Douglas shifting burdens of proof. *Caldwell*, 850 F.3d at 245; *Burns v. Intermodal Cartage Co.*, No. 3:22-CV-00979, 2024 WL 1018526, at *11 (N.D. Tex. Mar. 8, 2024).

In the Amended Complaint, Reed asserts a cause of action for violation of the FMLA based upon: (1) "the entitlement clause," which provides an employee entitlement to their job once they return from FMLA leave; (2) retaliation by termination for taking FMLA leave; and (3) harassment/constructive discharge during his FMLA leave. *ECF No. 13, pp. 8-9*. Reed frames the third harassment cause of action as "interference" with the benefits of his FMLA leave. The Floresville Defendants seek summary judgment on the allegation of retaliation by termination and of the allegation that they violated the FMLA by harassing Reed (interfering) while he was on FMLA leave by requesting that he return his work computer, cell phone, and Ipad and by attempting to communicate with him. *ECF No. 35, pp. 17-19*.

### a. Harassment/Interference

While not defined in the FMLA, interference of an employee's exercise of FMLA leave includes refusing to authorize FMLA leave and discouraging an employee from using such leave. *Bell v. Dallas County*, 432 F. App'x 330, 334 (5th Cir. 2011) (quoting 29 C.F.R. § 825.220(b)); *Meurin v. RSM US LLP*, No. 1:24-CV-835, 2025 WL 3120265, at *9 (W.D. Tex. Sept. 29, 2025); *Picard v. La. ex rel. Dep't of Justice*, 931 F.Supp.2d 731, 737 (M.D. La. 2013); *Thomas v. City of El Paso*, No. EP-14-CV-47, 2014 WL 12589587, at *6 (W.D. Tex. Feb. 14, 2014). Thus, courts typically address claims for interference as involving one of two distinct rights: the right to leave and the right to reinstatement. *Sprague v. Ed's Precision Mfg., LLC*, 548 F.Supp.3d 627, 638–40 (S.D. Tex. 2021); *Jiles v. Wright Med. Tech., Inc.*, 313 F. Supp. 3d 822, 843-44 (S.D. Tex. 2018). Typically, to make a prima facie showing of FMLA interference, a plaintiff must show: "(1) he was an eligible employee; (2) his employer was subject to FMLA requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave; and

18

(5) his employer denied him the benefits to which he was entitled under the FMLA." *Caldwell*, 850 F.3d at 245.

Reed's claim of harassment/interference, and the Motion for Summary Judgment, focus on the fifth factor: denial of benefits to which Reed was entitled. In his Amended Complaint, Reed frames the Floresville Defendants' "interference" of his rights under the FMLA as harassment during his FMLA leave, and through this harassment, the denial of benefits under the FMLA. Reed bases this "harassment" on his supervisor's requirement that he return his computer, cellphone, and Ipad. This is an attempt to expand the historical interpretation of "interference" under the FMLA.

Within the context of these facts and this Motion, the Court finds instructive caselaw holding "the FMLA does not prohibit an employer from all contact with an employee." *See Lopez v. Tex. Christian Univ.*, No. 4:22-CV-00171, 2022 WL 3227854, at \*2 (N.D. Tex. Aug. 10, 2022); *Smith-Schrenk v. Genon Energy Servs., L.L.C.*, No. 13-2902, 2015 WL 150727, at \*9 (S.D. Tex. Jan. 12, 2015). "De minimis contact between an employer and employee on FMLA leave does not amount to interference." *Lopez*, 2022 WL 3227854, at \*2; *see also Ray v. Compass Bank*, No. 3:06-cv-1153, 2007 WL 9711686, at \*5 (N.D. Tex. May 24, 2007); *Pamon v. United States Postal Serv.*, No. 3:24-CV-2061, 2025 WL 2632401, at \*13 (N.D. Tex. Aug. 6, 2025), report and recommendation adopted, 2025 WL 2426614 (Aug. 21, 2025).

The Court finds the enumerated contact during FMLA leave to be de minimus, and therefore, not actionable. In any event, Reed does not specifically respond to the Floresville Defendants' Motion for Summary Judgment on this alleged violation of the FMLA. Reed only responds to the Floresville Defendants' arguments pertaining to retaliation under the FMLA. Therefore,

the Court can interpret this lack of response as waiver, or failure to satisfy his prima facie burden.

For this reason, to the extent Reed attempts to assert a cause of action for violation of the FMLA by interference through harassment while he was on FMLA leave, summary judgment will be granted.

### b. Retaliation Under the FMLA

In the Amended Complaint, Reed alleges the Floresville Defendants violated the FMLA by terminating his employment in retaliation for him taking FMLA leave. The Floresville Defendants seek summary judgment on this cause of action.

Unlike Reed's FMLA cause of action which arises from the entitlement clause, the FMLA retaliation cause of action requires a showing of retaliatory intent on the part of the Floresville Defendants. *DeVoss v. SW. Airlines Co.*, 903 F.3d 487, 491-92 (5th Cir. 2018); *Martin v. Penske Logistics, LLC*, 736 F.Supp.3d 437, 452 (N.D. Tex. 2024). Again, this cause of action is analyzed under the three-part *McDonnell-Douglas* framework. *Martin*, 736 F.Supp.3d at 452; *Richardson*, 434 F.3d at 332–33.

To establish his prima facie case for FMLA retaliation, an employee must demonstrate that he: (1) was protected under the FMLA; (2) suffered an adverse employment action; and (3) was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because he sought protection under the FMLA. *Murillo v. City of Granbury*, No. 22-11163, 2023 WL 6393191, at *3 (5th Cir. Oct. 2, 2023)(quoting *Mauder*, 446 F.3d at 583).

20

The first two elements are not in dispute: Reed was protected under the FMLA, he used the full extent of granted FMLA leave, and he suffered an adverse employment action of termination upon his return to work. *See Campos*, 10 F.4th at 527–28. While the Floresville Defendants dispute the third element of retaliatory intent, Reed contends the temporal proximity between his termination and his return from FMLA leave present a causal connection.

"When evaluating whether the adverse employment action was causally related to the FMLA protection, [a] court shall consider the 'temporal proximity' between the FMLA leave, and the termination." *Mauder*, 446 F.3d at 583. An employee's taking FMLA leave approximately one month prior to his termination is close enough in time to create a causal connection. *Campos*, 10 F.4th at 528; *Martin*, 736 F.Supp.3d at 444-445.

It is undisputed Reed attempted to return from FMLA leave on September 14, 2023; however, he was not allowed to return but was called to a meeting on September 18, 2023, at which time he was advised that he was required to attend an open meeting on September 21, 2023. At this meeting, the FEDC Board of Directors voted to terminate Reed's employment. This showing and the undisputed facts are sufficient to satisfy Reed's prima facie burden.

The burden of production, then, shifts to the Floresville Defendants to produce admissible evidence to support its articulation of a legitimate, nondiscriminatory reason for Reed's termination. *See Burdine,* 450 U.S. at 254–56; *Heinsohn*, 832 F.3d at 236.

As with the ADA discrimination cause of action, the Floresville Defendants articulate Reed's termination was the result of poor job performance, improper spending, and suspected unethical and unprofessional conduct. *ECF No. 35, p. 18.* As with the ADA discrimination cause of action, the Floresville Defendants support this articulated reason with the Minutes of a Special Meeting held by the FEDC on September 21, 2023, at 6:00p.m. to discuss Reed's possible termi-

nation. *ECF No. 35-1, pp. 109-113*. Attachments to these Minutes include documents titled: "Credit Card Expense Observations"; "Internal Audit Observations-06-12-2023 incomplete"; "FEDC Observations Follow Up"; and "Summary of events-B.Reed." *ECF No. 35-1, pp. 100-108*.

As discussed previously, this Court's finds Reed's objections to this evidence to be meritorious because the attached exhibits that the Floresville Defendants present to support the articulated nondiscriminatory reason for Reed's termination are all inadmissible for several meritorious reasons: none have any sponsoring author or signature; none provide any contextual purpose; none are dated to indicate when they were drafted; none are referenced in the Minutes; all contain unsubstantiated speculation and hearsay. *See id*. In addition, although the Minutes could be admissible, the Minutes, themselves, do not mention or support the legitimate, nondiscriminatory reason articulated for Reed's termination, but only reflect that the FEDC Board discussed and voted on Reed's termination. The Floresville Defendants do not provide explanation of how these insufficiencies could be cured.

Because the Floresville Defendants do not present admissible evidence to support their articulation of a legitimate, nondiscriminatory reason for Reed's termination, they fail to satisfy their summary judgment burden of production. Under the *McDonnell Douglas* shifting burden of proof, the Court's analysis of the Floresville Defendants' Motion for Summary Judgment on Reed's cause of action for retaliation in violation of the FMLA ends at this stage.

Because the Floresville Defendants did not satisfy their burden of proof, their Motion for Summary Judgment on this cause of action will be denied.

### 4. Violation of the ADA by Retaliation

The Floresville Defendants seek summary judgment on Reed's cause of action for retaliation in violation of the ADA. Reed does not respond to the arguments presented as they pertain to violation of the ADA but responds only to the arguments as they pertain to summary judgment on the cause of action for retaliation in violation of the FMLA. Review of the Amended Complaint reveals Reed does not assert a cause of action for improper retaliation in violation of the ADA.

Because Reed did not assert this cause of action, the Court will not discuss this basis for summary judgment.

## Conclusion

The FEDC's Motion for Summary Judgment on the breach of contract cause of action asserted against it is **DENIED**. The Floresville Defendants Motion for summary judgment on the causes of action of intentional discrimination and failure to provide reasonable accommodation in violation of the ADA and retaliation in violation of the FMLA is **DENIED**. The Floresville Defendants Motion for summary judgment on the cause of action of violation of the FMLA by interference through harassment is **GRANTED**.

In addition, the cause of action of retaliation and violation of the TCHRA remains, as this cause of action was not addressed in either the Motion for Judgment on the Pleadings or this Motion for Summary Judgment.

It is so ORDERED.
SIGNED this 16th day of March, 2026.


JASON PULLIAM
UNITED STATES DISTRICT JUDGE

23